Richard G. KIZZIER, Appellant,

v.

UNITED STATES of America, Appellee.

Richard G. KIZZIER, Appellee,

v.

UNITED STATES of America, Appellant.

Nos. 78–1827, 78–1713.

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1979.
Decided May 15, 1979.

Kenneth C. Fritzler, II, of Ross, Schroeder & Fritzler, Kearney, Neb., for Kizzier.

Karl P. Fryzel, Atty., Tax Div., Dept. of Justice, Washington, D. C., for United States; M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Richard W. Perkins, Washington, D. C., Attys. and Edward G. Warin, U. S. Atty., Omaha, Neb., on brief.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

Richard Kizzier, the appellant, filed a refund suit in district court for the recovery of $68,499.02, plus interest, the amount he paid to satisfy a penalty assessed by the Internal Revenue Service (IRS) pursuant to 26 U.S.C. § 6672 (1976). The IRS penalized Kizzier for his willful failure to pay over withheld federal income and social security (employment) taxes of Titan Corporation (Titan) employees to the Government for the last quarter of 1973 and the first three quarters of 1974. The district court determined Kizzier liable for the penalty attributable to the relevant calendar quarters in 1974. However, the district court did not find appellant liable for the willful failure to pay over all of the employment taxes for the last quarter of 1973, and it ordered that the IRS refund $3,272.15 to him. Kizzier appeals from the judgment of the district court denying him a full refund. The Government appeals from the part of the judgment awarding Kizzier a partial refund.

On appeal, Kizzier makes the following claims: (1) the district court erred in determining that the drivers of Titan trucks served as Titan employees; (2) Kizzier was not a "responsible person," liable for the failure of Titan to pay over taxes, within the meaning of section 6672; and (3) even if deemed a "responsible person," Kizzier did not willfully fail to pay over the taxes.

On its appeal, the Government contends that Kizzier was liable for a penalty equal to the full amount of Titan's unpaid employment taxes for the fourth quarter of 1973.

We agree with the Government's position and deny Kizzier the partial refund granted to him by the district court.

## I. *Factual Background.*

Titan, a Nebraska corporation organized in 1971, owned and maintained large over-the-road diesel trucks and tractors which it leased to others. During the period in question, Kizzier served as president and treasurer of Titan and owned all of the corporation's stock. The bylaws of Titan authorized the president to supervise and control all of the business affairs of the corporation. Moreover, as treasurer, Kizzier assumed responsibility for all of the corporation's funds and securities. Although a general manager conducted the day-to-day affairs of Titan, Kizzier supervised business operations and frequently spoke with the general manager about Titan's financial situation.

Titan leased its vehicles to Little Audrey's Transportation Co., Inc. (Little Audrey's) and, under the lease agreement, Titan retained responsibility for

[h]iring, setting the wages, hours and working conditions and adjusting the grievances of, supervising, training, disciplining and firing all drivers, driver's helpers and other workers necessary for the performance of [Titan's] obligations under the terms of this Agreement, which drivers, driver's helpers, and other workers are and shall remain the employees of [Titan.]

The agreement also obligated Titan to pay various employment taxes to the Government. From September 1, 1973 to September 30, 1974, Titan withheld payroll taxes from the wages of its trucks' drivers, but did not remit these taxes to the Government.

Kizzier first learned that Titan had not paid its employment taxes to the Government in March 1974. Although the IRS regularly sent Titan tax delinquency notices from March through October 1974, when the corporation terminated operations, Kizzier did not pay any of the alleged delinquencies.

Subsequent to March 1974, Titan possessed unencumbered funds in excess of its withholding tax liabilities. The corporation paid these funds out to creditors other than the Government.

In January 1976, the IRS assessed a $68,499.02 penalty—the equivalent of Titan's unpaid tax liability for the calendar quarters in question—against Richard Kizzier for his alleged willful failure to pay over the employment taxes. Kizzier then paid the penalty and filed this refund suit in district court.

The district court determined that, as to the taxes owed for the last quarter of 1973, "[t]he evidence * * * suggests that at the time [Kizzier] became aware that withheld funds were not being paid to the government, there were some funds with which the delinquent taxes could have been paid." The court held Kizzier liable only for the amount of funds Titan possessed when Kizzier learned of the tax delinquency, and calculated that $3,272.15 should be refunded to him.[1]

## II. *Kizzier's Appeal.*

▮ Kizzier denies that Titan assumed the obligation to collect and pay over to the Government the employment taxes of its vehicles' drivers because those drivers served as employees of Little Audrey's.[2] This contention lacks merit.

The lease agreement between Titan and Little Audrey's stated specifically that Titan employed the drivers of its vehicles and that Titan retained responsibility for the employment taxes of the drivers. Moreover, Titan filed the appropriate tax forms for the last quarter of 1973 and for the first

---

1. When Kizzier learned in March 1974 of Titan's tax delinquency for the last quarter of 1973, Titan held $4,561.27 in its checking account. The $3,272.15 refund represents the difference between the amount of Titan's tax liability for the fourth quarter of 1973,

$7,833.42, and the amount in Titan's checking account on the last day of March 1974.

2. 26 U.S.C. §§ 3102(a) and 3401(a) require employers to withhold federal social security and income taxes from their employees' wages.

two quarters of 1974, and withheld federal social security and income taxes from the drivers' wages. The record supports the district court's conclusion that

> an employer-employee relationship [existed] between Titan and the drivers of the truck-tractors owned by that company[.]

Kizzier also asserts that he is not a person "required to collect, truthfully account for, and pay over" employment taxes, 26 U.S.C. § 6672, and that his failure to remit the employment taxes of Titan's employees to the Government does not constitute willful conduct. In *Hartman v. United States*, 538 F.2d 1336 (8th Cir. 1976), this court discussed the principles underlying the assessment of penalties against corporate officers for the willful failure to pay over employment taxes. We summarize those principles as background to the examination of Kizzier's contentions.

■■■ Corporate employers are required to withhold, from the wages of their employees, federal social security and income taxes. 26 U.S.C. §§ 3102(a) and 3401(a). Such withheld taxes "shall be held to be a special fund in trust for the United States." 26 U.S.C. § 7501. If the corporate employer fails to pay over this fund to the Government,

> a corporate officer or employee may be liable personally for the penalty prescribed by [26 U.S.C.] § 6672, which is generally called the "100% penalty," if during the period involved he was a "responsible person" under [26 U.S.C.] § 6671(b), and if he acted "willfully" in respect of the tax liability of the employer. [*Hartman v. United States, supra,* 538 F.2d at 1340.]

For a section 6672 penalty to be assessed against a corporate officer or employee, the officer or employee must (1) be deemed a responsible person, *i. e.,* a person required to collect, truthfully account for, and pay over employment taxes, and (2) willfully fail to collect and pay over the taxes in question.[3]

■ A corporate officer may be deemed a responsible person "if he has significant, albeit not necessarily exclusive, authority in the field of corporate decisionmaking and action where taxes due the federal government are concerned[.]" *Hartman, supra,* 538 F.2d at 1340.

■ A responsible person acts willfully within the meaning of section 6672 if he acts in such a manner that he knows or intends that, as a consequence of his conduct, withheld employment taxes "belonging to the government will not be paid over but will be used for other purposes." *Hartman, supra,* 538 F.2d at 1341.

■ Here, the record discloses that, as a corporate officer, Kizzier possessed significant authority in the general management and fiscal decisionmaking of the corporation. Applying the above principles, the district court properly found Kizzier to be a responsible person as intended in section 6672.

■■ The record also supports the district court's finding that Kizzier acted willfully in failing to pay employment taxes to the Government. By March 1974, Kizzier became aware that Titan had failed to pay the Government employment taxes withheld for the last quarter of 1973. Although Titan possessed unencumbered funds during the first three calendar quarters of 1974, Kizzier did not use such funds to satisfy the

---

**3.** 26 U.S.C. § 6672 must be read in connection with 26 U.S.C. § 6671(b). Those two sections read as follows:

> The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs. [26 U.S.C. § 6671(b).]

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable. [26 U.S.C. § 6672.]

tax delinquency accrued by Titan in 1973, or to pay the subsequent tax liability Titan incurred in the first three quarters of 1974. Kizzier's failure to satisfy the tax delinquencies, in light of his knowledge that Titan possessed unencumbered funds[4] which Titan used to pay creditors other than the Government through September 1974, constitutes a willful failure to pay employment taxes to the Government and subjects Kizzier, as a responsible person, to a section 6672 penalty.

Accordingly, we reject these claims of Kizzier on appeal and affirm the judgment of the district court to the extent that the court denied a refund over and above $3,272.15.

### III.  *The Government's Appeal.*

The Government contends that the district court erred in awarding Kizzier the refund of $3,272.15.[5]

In partially relieving Kizzier of liability for Titan's failure to pay employment taxes for the final quarter of 1973, the district court quoted the following passage from *Slodov v. United States,* 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978):

> We hold that a "responsible person" under § 6672 may violate the "pay over" requirement of that statute by willfully failing to pay over trust funds collected prior to his accession, to control when at the time he assumed control the corporation has funds impressed with a trust under § 7501, but that § 7501 does not impress a trust on after-acquired funds, and that the responsible person consequently does not violate § 6672 by willfully using employer funds for purposes other than satisfaction of the trust-fund tax claims of the United States when at the time he assumed control there were no funds with which to satisfy the tax obligation and the funds thereafter generated are not directly traceable to collected

taxes referred to by that statute. [*Slodov v. United States, supra,* 436 U.S. at 259–60, 98 S.Ct. at 1791 (footnote omitted).]

Applying the reasoning of *Slodov* to the instant case, the district court stated:

> [Kizzier] was in control, despite his having delegated day-to-day operations to a manager, during all of the last quarter of 1973, but did not know, according to a preponderance of the evidence, of a tax delinquency until March, 1974. The failure to know is sufficiently like a failure to have control to make a similar result follow. No trust was impressed on funds collected during the last quarter of 1973, for purposes of determining wilfulness, except to the extent that funds remained available to pay tax liability when the responsible person became aware of a delinquency.

The facts in *Slodov* may be clearly distinguished from the circumstances presented in the instant case. In *Slodov,* petitioner Slodov purchased and assumed control of three corporations on January 31, 1969. Prior to Slodov's assumption of control, taxes withheld by the corporations from their employees' wages had not been remitted to the Government, but had been dissipated by the corporations' previous management. On January 31, 1969, the corporations did not possess funds to pay the approximately $250,000 tax delinquency, including accrued federal income and social security taxes. The Supreme Court stated that a responsible person may be obligated to pay over employment taxes to the Government from available funds collected before that person's accession to control of a corporation. *Slodov, supra,* 436 U.S. at 259–60, 98 S.Ct. 1778, 56 L.Ed.2d 251. However, because Slodov became a responsible person *after* the corporations' tax liability accrued and *after* funds available to satisfy that liability had been dissipated, the Court held that Slodov could not be compelled to pay the

---

4. Responsible persons within the meaning of section 6672, with knowledge that the corporation has not remitted withheld employment taxes, are obligated to apply available unencumbered funds of the corporation to the re-

duction of such tax liability. *Mazo v. United States,* 591 F.2d 1151 at 1154 (5th Cir. 1979).

5. *See* note 1 *supra.*

tax debt of the corporations' prior regime out of funds acquired after his assumption of control which were not traceable to trust funds—those funds which the prior regime first withheld and then dissipated before Slodov became a corporate owner. *Ibid.*

■ In *Slodov,* then, the Court confronted the situation of a party becoming a responsible person, within the meaning of 26 U.S.C. § 6672, after the corporations had incurred a tax liability and had expended funds available to pay the liability. Here, however, Kizzier remains the responsible person throughout the period in which Titan accrued its tax liability. Consequently, we cannot agree with the conclusion of the district court that Kizzier's liability for the last quarter of 1973 can be no greater than the available funds of Titan at the time Kizzier became aware of the corporation's tax delinquency.

Although Kizzier did not become aware of Titan's 1973 tax delinquency until March 1974, he was a responsible person within the meaning of section 6672 through all the calendar quarters Titan failed to pay over employment taxes to the Government. As such, Kizzier's responsibility to pay Titan's withheld employment taxes extended to unencumbered funds received by the corporation after Kizzier learned of Titan's tax delinquency. In *Mazo v. United States,* 591 F.2d 1151 (5th Cir. 1979), faced with circumstances similar to those present in the instant case, the Fifth Circuit held:

> Where there has been no change in control, however, responsible persons are subject to a duty to apply any available unencumbered funds to reduction of accrued withholding tax liability, whether or not those funds are deemed to be trust funds within the meaning of § 7501. *See Maggy v. United States,* 9 Cir. 1977, 560 F.2d 1372, 1376, and *Teel v. United States,* 9 Cir. 1976, 529 F.2d 903, 905. Although both *Maggy* and *Teel* stated that such funds are held in trust, this was unnecessary to the results reached in those cases. [*Mazo v. United States, supra,* at 1154.]

We adopt this reasoning and follow the rule enunciated in *Mazo.* Accordingly, we agree with the Government's contention that Kizzier became subject to the full penalty assessment for all quarters in question.

We affirm on Kizzier's appeal but reverse on the Government's appeal. We remand for modification of the judgment in conformity with this opinion.