**John B. MANGIERI**

v.

**UNITED STATES of America.**

**Civ. No. HM84–2561.**

United States District Court,
D. Maryland.

Oct. 21, 1986.

Edward L. Blanton, Jr. & Blanton & McCleary, Towson, Md., for plaintiff.

Breckinridge L. Willcox, U.S. Atty., Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., Melody L. Moss, Trial Atty., Dept. of Justice, Washington, D.C., for U.S.

### MEMORANDUM

HERBERT F. MURRAY, District Judge.

Plaintiff filed this civil action in 1984 to recover certain monies that he alleged were wrongfully withheld from him by the Internal Revenue Service ["IRS"]. The IRS responded by filing a counterclaim against the plaintiff for approximately $33,000.00, which it alleged was due and owing from

the plaintiff as a 100% penalty assessed against the plaintiff under 26 U.S.C. § 6672.

A one-day trial was held on September 23, 1985, and the jury found for the plaintiff and awarded him $9,841.22, the exact amount the plaintiff sought to recover. Presently pending before the court is the government's motion to alter or amend judgment and the plaintiff's motion for costs and attorney's fees.

The court has considered the memoranda submitted by both sides, and is now prepared to rule. No hearing is necessary. *See* Local Rule 6.

## I. *Background*

The case arises out of what have undoubtedly been for the plaintiff, Mr. Mangieri, a number of frustrating dealings with the United States Government. From July 1973 until 1975, John Mangieri was the President of Maryland Bionics Systems, Inc., a Maryland corporation which manufactured printed circuit boards and performed electronic assembly work. (The Corporation went out of business in 1975.) As an "employer", Maryland Bionics was required to withhold income and Social Security taxes from its employees and to pay the monies withheld to the government at the end of each quarter. *See* §§ 3102(a) and 3402(a) of the Internal Revenue Code. The Code also provides that if a corporation fails to pay the withheld taxes to the government, the government can seek to recover the amount from either the corporation or from the person in the corporation who was required to collect the taxes. This is known as the "100% penalty", although it is not so much a penalty, as a mechanism for shifting tax of the corporation to those responsible for its nonpayment. *See Waghalter v. United States*, 79-2 U.S.T.C., para. 9717 (S.D.Tex.1979) [Available on WESTLAW, DCTU database]. In order for an individual to be held personally liable for the 100% penalty, two requirements must be met:

(1) he or she must have been a person required to collect, truthfully account for and pay over the employment tax; and

(2) he or she must have willfully failed to pay over the trust fund taxes.

In the instant case, the plaintiff concedes that the first requirement is met, and that he was a person responsible for collecting and accounting for the taxes. However, he vigorously disputes the government's claim that he "willfully" failed to pay the taxes.

During the period of 1973 to 1975, Maryland Bionics often faced financial difficulties. A significant part of its problem was due to the fact that over 50% of its contracts were with the United States Government, and the government was notoriously slow in paying its suppliers.

Maryland Bionics did not pay the full amount of employee withholding taxes to the government, as required by law. Thus, Maryland Bionics found itself in the position of being owed a significant amount of money by the United States Government at the same time that it owed money to the United States Government in taxes. In an attempt to resolve the problem, Mr. Mangieri met with an IRS agent, and Mangieri assigned to the IRS the rights to collect on a contract Maryland Bionics had with the United States Army. Thus, the United States Army would pay the IRS, and Maryland Bionics' taxes would be covered.

For simplicity's sake, the court will not go into all the details of the assignment—the parties do not disagree on the facts and stipulated to them at trial. (*See* Paper # 21). The important fact is that the IRS failed to take the necessary steps to secure the assignment, and when Maryland Bionics "went under", the United States Army contract proceeds went to other creditors and not the IRS. Because of the IRS' failure to secure the assignment, Maryland Bionics' taxes were not paid, and Mr. Mangieri, who thought he had taken care of the problem, was faced with a claim by the IRS that he was liable for the 100% penalty assessment.

The issue at trial, therefore, was whether the second condition of § 6672 had been met. That is, whether Mr. Mangieri's fail-

ure to pay the taxes to the government was "willful".

The plaintiff's position was that the taxes were not paid as a result of the errors and omissions of the IRS, and therefore, he did not "willfully" fail to pay them; that to the contrary, he took reasonable steps to ensure that the taxes would be paid.

The government, on the other hand, argued that the IRS was under no obligation to seek funds from other sources, and that all that mattered here was that Mr. Mangieri knew the taxes were supposed to be paid and did not pay them. The government seemed to make the incredible assertion that it did not matter that it was an IRS agent who agreed to accept the assignment of the Army contract and then failed to follow through.

It took the jury little time to return with a verdict for the plaintiff.

The government now comes to the court seeking to alter the judgment.

## II. *Motion to Alter or Amend Judgment*

By this motion, the government moves the court to alter the judgment entered by the jury in this case. The jury found for the plaintiff in this action, and awarded him $9,841.22, the exact amount the plaintiff sought. The government argues that the plaintiff is entitled to receive only a judgment equal to the amount paid or credited on the 100% penalty at issue. Thus, the government would have the court reduce the judgment from $9,841.22 to $50.00, the amount that the plaintiff paid toward the penalty assessment as a prerequisite to filing this lawsuit.

The court disagrees with the government's analysis, and finds that the plaintiff is entitled to the judgment awarded.

From the beginning of this action, the plaintiff sought the following damages: (1) Fifty Dollars ($50.00) which he paid to the Internal Revenue Service toward a one hundred percent (100%) penalty assessed against him under 26 U.S.C. § 6672; (2) Nine Thousand Dollars ($9,000.00) which Plaintiff would have received from the sale of the assets of Maryland Bionics, Inc., if the Internal Revenue Service had not failed to process the assignment of contract proceeds to it to satisfy the corporation's tax liability; and (3) Seven Hundred Ninety-One Dollars and Twenty-two Cents ($791.22), which the Internal Revenue Service withheld from an income tax refund due to Plaintiff and his wife on their 1981 joint return. *See* Plaintiff's Opposition to Motion to Alter or Amend Judgment at page 1.

26 U.S.C. § 7422(a) provides, in pertinent part, that a party may recover not only any tax or penalty, but also "any sum alleged to have been excessive or in any manner wrongfully collected." And 28 U.S.C. § 1346(a)(1) gives the district courts jurisdiction over civil actions for the recovery of "any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws."

The court believes that in the instant case, the government is confusing the amount a party must pay in order to begin its refund suit, and the amount that the government may have wrongfully withheld.

More importantly, the court finds that the government has long since waived any claim that the plaintiff is entitled to recover only $50.00. From the moment this lawsuit was filed in June 1984, it was clear that the plaintiff was seeking the damages set forth above.[1] During the fourteen-month period between the filing of the complaint and the trial in September 1985, the plaintiff continued to claim these damages.

In addition, at trial the plaintiff continued to seek these damages, and the following instruction was read to the jury *without any objection by the government:*

Plaintiff claims that his conduct did not amount to a 'willful' failure under

---

1. Early in this action, the plaintiff abandoned his claim for $2,000,000.00 contained in Count 3, but he continued to detail in numerous pleadings the other damages sought. *See, e.g.,* Plaintiff's Proposed Pretrial Order, paragraph 7; Plaintiff's Amended Proposed Pretrial Order, paragraph 6; Plaintiff's Request for Instructions to Jury.

the law. Therefore, he seeks: the refund of $50, with interest, which he paid to the IRS toward the penalty assessed against him; payment of approximately $9,000, with interest, which he would have received from Maryland Bionics if the IRS had not failed to process the assignment of contract proceeds to it to satisfy the corporation's tax liability; and payment of approximately $790, with interest, which the IRS has withheld from an income tax refund due to Plaintiff and his wife on their 1981 joint return. You are instructed that if you find that Plaintiff's conduct was not a 'willful' failure within the meaning of § 6672, then you may award him those sums.

You are instructed, in this regard, that the law permits recovery of 'any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority, or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws ...' The function of the term 'any sum' is to permit recovery of items which might not be designated as either 'taxes' or 'penalties.' Therefore, the sums Plaintiff seeks to recover need not be 'taxes' or 'penalties' in order for Plaintiff to recover them.

For all of these reasons, the court will deny the government's motion to alter or amend judgment.

### III. *Plaintiff's Motion for Costs and Attorney's Fees*

The plaintiff, pursuant to Local Rules 23 and 23A and 26 U.S.C. § 7430, moves the court for an award of court costs and attorney's fees.

26 U.S.C. § 7430(a) provides, in pertinent part: "In the case of any civil proceeding which is (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and (2) brought in a court of the United States ... the prevailing party may be awarded a judgment for reasonable litigation costs in-

curred in such proceeding." 26 U.S.C. § 7430(c) defines "reasonable litigation costs" to include reasonable court costs and reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding. 26 U.S.C. § 7430(c)(2)(A) defines the term "prevailing party" as any party which establishes that the position of the United States in the civil proceeding was unreasonable, and has substantially prevailed with respect to the amount in controversy, or has substantially prevailed with respect to the most significant issue or set of issues presented. 26 U.S.C. § 7430(c)(2)(B) provides, in pertinent part, that the determination of whether a party is a "prevailing party", in the absence of agreement of the parties, shall be made by the court.

The plaintiff argues that it can be clearly inferred from the jury's verdict that the plaintiff has substantially prevailed with respect to the most significant issue in the case, that is, whether his conduct was "willful" within the meaning of 26 U.S.C. § 6672, and therefore that the plaintiff is the "prevailing party" within the meaning of § 7430(c)(2)(B). The court agrees that the plaintiff was clearly the prevailing party in this action. Therefore, the important issue is whether or not the government's position in this civil proceeding was "unreasonable."

The plaintiff argues that the government's position in this case was "unreasonable", and that one indication of this "unreasonableness" was the manner in which the government behaved at trial. That is, that the government stipulated to many of the facts and "did little in the way of presenting a defense to plaintiff's claim or to adduce evidence in support of its counterclaim." *See* plaintiff's memorandum in support of motion for costs and attorney's fees at page 4.

■ The court disagrees with the plaintiff's analysis that the government's behavior at trial indicates "unreasonableness." The defendant's theory was primarily a legal one, and it was proper for the govern-

ment to have stipulated to facts that it did not dispute and to thus have avoided lengthening the trial for no reason.

However, although the government's behavior at trial is no support for plaintiff's claim of "unreasonableness", the court agrees that the position of the United States in the lawsuit was "unreasonable" and thus that the plaintiff is entitled to reasonable litigation costs pursuant to 26 U.S.C. § 7430. The only issue in this case was whether or not the plaintiff's failure to pay over the employment tax liability was willful. The government proceeded in this action, in spite of the fact that it knew the circumstances surrounding the plaintiff's attempt to assign the Army contract and to arrange the payment of the taxes. The government argues that the corporate liability and the 100% penalty are two separate and distinct issues, and that the Revenue Officer's failure to collect on the corporate liability is no defense to the failure to pay the 100% penalty liability. The problem with this argument is that while the two liabilities may be "separate", they are not unrelated, and the 100% penalty is imposed only if the corporate tax liability is not paid. For the government to have pursued this argument, under the circumstances of this case, was "unreasonable."

The court will enter a separate Order setting forth the rulings of this Memorandum.

### ORDER

For the reasons set forth in the foregoing Memorandum, it is this 21st day of October 1986, by the United States District Court for the District of Maryland,

ORDERED:

(1) that defendant's motion to alter or amend judgment be, and the same hereby is, *Denied;*

(2) that plaintiff's motion for costs and attorneys fees, filed pursuant to 26 U.S.C. § 7430, be, and the same hereby is, *Granted* in the amount of nine thousand and twenty-two dollars ($9,022.00); and

(3) that the Clerk of the Court shall mail a copy of this Order and the accompanying Memorandum to the parties.