Thomas L. STEFFENS, an individual, and Joseph W. Knoblauch, an individual, Plaintiffs and Counterclaim Defendants

v.

UNITED STATES of America, Defendant and Counterclaim Plaintiff,

v.

Mark NILES and Peter Bartling, Third Party Defendants.

Civ. A. No. 3–94–1246.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 24, 1995.

Thomas L. Steffens & Associates and Thomas L. Steffens, Bloomington, MN, for plaintiffs and counterclaim defendants, Thomas L. Steffens and Joseph W. Knoblauch.

Office of the U.S. Atty. and John A. Marrella, Washington, DC, for defendant and counterclaim plaintiff, United States of America.

## MEMORANDUM AND ORDER

DAVIS, District Judge.

Defendant and Counterclaim Plaintiff ("Defendant"), United States of America ("Defendant") brings this Motion for a Summary Judgment ("Motion") against Plaintiffs and Counterclaim Defendants ("Plaintiffs")

to recover income and social security taxes pursuant to § 6672 of the Internal Revenue Code, 26 U.S.C. § 6672. For the reasons set forth below, the Motion of Defendant is *granted.*

## FACTS

On or about January 7, 1983, Plaintiffs signed the Articles of Incorporation for LeBistro of Fargo, Inc. ("LeBistro") for the purpose of purchasing a restaurant in Fargo, North Dakota. LeBistro was to acquire the restaurant from The Brothers Restaurants, Inc. On January 31, 1983, Knoblauch, as President of LeBistro, executed a promissory note in the amount of $350,000.00 to The Brothers Restaurants.

The record reflects that Plaintiffs invested tens of thousands of dollars to fund LeBistro and personally guaranteed bank loans in the amount of $75,000.00. Additionally, Plaintiffs entered into a Stock Purchase Agreement in which Steffens and Knoblauch each retained 25% ownership of the company. Pursuant to a Corporate Certificate of Authority, Plaintiffs retained authorization to transact business for LeBistro's bank account at First Bank of North Dakota.

In September of 1985, LeBistro hired Mark Niles to be its manager. The employment agreement with Mr. Niles provided that he was terminable with or without cause.

Because of financial difficulties, the restaurant remained open for only about two years. In September of 1987, Plaintiffs decided to terminate Niles as manager of LeBistro based on Niles' mismanagement of the restaurant and his failure to remit payment for LeBistro's debts. After Niles' departure, Plaintiffs closed the restaurant and terminated the rest of the employees.

## DISCUSSION

### A.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Unigroup, Inc. v.*

*O'Rourke Storage & Transfer Co.,* 980 F.2d 1217, 1219–20 (8th Cir.1992). To determine whether genuine issues of material fact exist, a court conducts a two-part inquiry. The court determines materiality from the substantive law governing the claim. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Disputes over facts that might affect the outcome of the lawsuit according to applicable substantive law are material. *Id.* A material fact dispute is "genuine" if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party. *Id.* at 248–49, 106 S.Ct. at 2510.

### B.

§§ 3102 and 3402 of the Internal Revenue Code require employers to withhold federal social security and income taxes from the wages of their employees. If an employer fails to make the required payments, § 6672 provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under § 6653 for any offense to which this section is applicable.

In its Motion, Defendant alleges that Plaintiffs are liable under § 6672 because: (1) Plaintiffs are "responsible persons" under § 6672 and had a duty to collect, account for, and pay over the taxes; and (2) Plaintiffs willfully failed to fulfill these responsibilities. For the reasons set forth below, the Court agrees with Defendant.

### 1. Responsible Person Requirement

■ A "responsible person" under § 6672 is any person who has significant, but not exclusive control of the disbursements of the employer. *Schwinger v. United States,* 652 F.Supp. 464, 466 (E.D.N.Y.1987) (citing *Anderson v. United States,* 561 F.2d 162, 165

(8th Cir.1977)). Courts have relied on the following factors to determine whether a person has the requisite control over financial affairs to be considered a responsible person: (1) identify of officers, directors and shareholders of the corporation; (2) the ability of the individual to sign checks of the corporation; (3) identity of the individuals who were in control of the financial affairs of the corporation; (4) identity of the individuals who hired and fired employees. *Id.* (citing *Silberberg v. United States,* 524 F.Supp. 744, 747 (E.D.N.Y.1981); *United States v. Charlton,* 2 F.3d 237, 240 (7th Cir.1993)).

■ The critical consideration is whether there exists a sufficient nexus between the plaintiff and the financial operation of the corporation to infer that plaintiff participated in decisions concerning the payment of creditors. *Id.* (citing *Gold v. United States,* 506 F.Supp. 473, 478 (E.D.N.Y.1981), *aff'd.,* 671 F.2d 492 (2nd Cir.1981)). The Court must construe § 6672 broadly and liberally to prevent the unnecessary loss of tax funds. *Olsen v. United States,* 952 F.2d 236, 238 (8th Cir.1991).

■ Defendant alleges that Plaintiffs fall within the aforementioned definition of "responsible persons." They argue that Plaintiffs were officers in LeBistro, had a 50% ownership in the company and had invested considerable sums of money into financing LeBistro. Additionally, Defendant points to the fact that Plaintiffs had the authority to fire Niles and did, in fact, fire him in September of 1987.

Plaintiffs counter that Niles, the manager of LeBistro, "assumed total responsibility for all facets of the Restaurant operation", including writing all checks, making all deposits, working with LeBistro's accountants to prepare the financial statements, and reconciling checking accounts and filing all federal and state tax returns. Plaintiffs never executed a check on behalf of LeBistro. Because Niles was in complete control of all finances, Plaintiffs conclude that they had no knowledge of any tax liability until May 1, 1987 when Niles admitted that all the taxes were not being paid.

Even accepting the validity of Plaintiffs' arguments, corporate principals may not avoid liability by delegating to another the duty to pay federal taxes. *United States v. Charlton,* 2 F.3d 237, 240 (7th Cir.1993); *Price v. United States,* No. 3–92–345, slip op. at 8, 1992 WL 455527 (D.Minn. November 12, 1992). Additionally, the record is replete with evidence that Plaintiffs exercised considerable authority over the financial affairs of the restaurant. Plaintiffs acted as loan guarantors, issued promissory notes, and negotiated the terms of LeBistro's debt. Plaintiffs were also significantly involved with the management of LeBistro, including advertising, menu changes, and accounting. Given this ambit of responsibility, the Court is hard-pressed to understand how Plaintiffs could not exert any authority over Niles and the operation of the restaurant.

Based on the evidence set forth, *supra,* the Court finds that Plaintiffs fall within the parameters of "responsible persons" under § 6672. Plaintiffs were officers, directors, and owners of 50% of LeBistro. Their attempt to thrust sole responsibility for the financial affairs of LeBistro upon an employee terminable-at-will belies common sense and contradicts considerable evidence in the record.

## 2. Willful Failure to Pay Taxes

The record reflects that on or about May 1, 1987, Plaintiffs became aware of their pending tax liabilities. Despite significant evidence of mismanagement by Niles, Plaintiffs relied on Niles' assurances that he would remit payment to the IRS in a timely manner. After learning that Niles never followed through with his promise, Plaintiffs traveled to North Dakota, but Niles had already left town.

■ Courts have held that a person acts with willful disregard if the taxpayer: (1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and if (3) he was in a position to easily discover this. *Wright v. United States,* 809 F.2d 425, 427 (7th Cir.1987). As of 1987, Plaintiffs knew or had strong reason to know that LeBistro was undergoing a financial crisis. LeBistro had defaulted on

loan payments in 1986. Steffens had arranged for LeBistro to sell its liquor license and distribute the proceeds to Marquette bank. In March of 1987, Knoblauch concluded that Niles had a chemical dependency problem. Yet, despite these impending signs of financial collapse, Plaintiffs, as officers, directors and owners of LeBistro, took no action to ensure that LeBistro's tax liabilities would be resolved.

The Court finds that such omissions constitute strong evidence of willful disregard. Given Plaintiffs' access to the finances of the restaurant and their knowledge of its mismanagement, it was incumbent upon them to immediately take action to address the tax deficit. Again, Plaintiffs are attempting to place all responsibility upon an employee terminable at will whom Plaintiffs themselves hired. The Court cannot allow Plaintiffs to use an employee as a shield to protect them from such reckless behavior.

Additionally, the record demonstrates that Plaintiffs were aware of LeBistro's payments to other creditors until September, 1987. As the Court stated in *Olsen*, "Evidence that the responsible person had knowledge of payments to other creditors, including employees, after he was aware of the failure to pay over withholding taxes is proof of willfulness **as a matter of law.**" 952 F.2d at 240 (emphasis added). Based on these facts, the Court finds that the willfulness element of § 6672 is satisfied.

### ORDER

Based upon the foregoing records, memoranda, and proceedings, it is hereby **OR-DERED** that:

Defendant and Counterclaim Plaintiff, United States of America's Motion for Summary Judgment is ***granted.***