# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2375

_____

Cyril C. Anuforo,

                Appellant,

   v.

Commissioner of Internal Revenue,

                Appellee.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Minnesota.

_____

Submitted: May 11, 2010
Filed: August 4, 2010

_____

Before RILEY, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

RILEY, Chief Judge.

Cyril C. Anuforo owned two home healthcare companies, Comfort Plus Health Care, Inc. (Comfort Plus) and U.S. Central Comfort Plus Care Systems, Inc. (U.S. Central). Anuforo repeatedly failed to file the companies' tax returns in a timely manner, and he also failed to make full payment of the employment taxes he withheld from his employees. As a result, the Internal Revenue Service (IRS) assessed penalties against Anuforo under 26 U.S.C. § 6672. Anuforo filed an action in the district court challenging the penalties. The government counterclaimed, seeking to

reduce the penalties to judgment. The district court[1] granted summary judgment to the government on Anuforo's claims and the government's counterclaims. Anuforo appeals, and we affirm.

## I.    BACKGROUND
### A.    Unpaid Taxes

Anuforo was the sole owner of Comfort Plus and U.S. Central, and Anuforo was the person responsible for ensuring the companies' employment taxes were paid. Despite this responsibility, Anuforo consistently failed to pay each companies' employment taxes.[2] At issue in this case are several calendar quarters during which Comfort Plus and U.S. Central failed to file timely returns and make full payment of employment taxes. Comfort Plus failed to file timely employment taxes or make *any* payment for eight calendar quarters at various times from 1999 through 2003. Similarly, U.S. Central failed to make full payment of its employment taxes during seven calendar quarters at various times from 1999 through 2003. Of these seven calendar quarters, Anuforo filed all but one return late, and he made no payment at all for five of the seven quarters.

Initially, the IRS worked with Anuforo on the delinquencies and short-payment of taxes. In July 2000, the IRS agreed with Comfort Plus and U.S. Central to address specific quarters of delinquent or underpaid taxes in 1999 through installment

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the reports and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

[2]These taxes are often referred to as "trust-fund" taxes because an employer collects them from its employees and holds them in trust for the federal government. See Stevens v. United States, 49 F.3d 331, 333 (7th Cir. 1995) ("These are called 'trust fund taxes' because the employer is required to segregate them from its other assets until paying them over to the IRS."). These employment taxes must be paid quarterly.

agreements. Under these agreements, Anuforo agreed to make installment payments and to extend the time during which the IRS could assess penalties against him for his failure to make payments during the specified periods in 1999. The agreements provided the IRS could assess penalties for these periods until December 31, 2010.

Both companies defaulted on their agreements with the IRS when, for various periods in 2000 and 2001, Comfort Plus and U.S. Central failed to file on time and to pay their tax returns. The IRS repeatedly informed Anuforo he would be in default if he failed to remain current on the companies' tax obligations. On March 22, 2002, the IRS mailed a letter to each company notifying them they were in default.

On June 4, 2002, Anuforo notified the IRS two of his employees had been convicted of embezzling funds from his companies, and claimed the embezzlement was the reason he was unable to pay his tax obligations. One employee admitted to embezzling approximately $20,000 from both companies from August 15, 1999, until 2001. Anuforo later acknowledged the employee had repaid $21,000 by the second quarter of 2002. A second employee admitted to taking $50,861.24 from Comfort Plus from April 27, 2001, until January 18, 2002. This employee was required to pay restitution in the amount of $165,040.74, but it is unclear from the record if restitution was made. Comfort Plus's income tax returns included deductions for fraud loss in 2001, 2002, and 2003. Despite the embezzlement, Comfort Plus and U.S. Central filed tax returns in 2001 and 2002 acknowledging the companies' payment of over $1 million in wages and hundreds of thousands of dollars in other expenses.

On March 1, 2004, and April 8, 2004, the IRS issued certified letters to Anuforo, proposing penalties for U.S. Central's and Comfort Plus's unpaid taxes, and providing 60 days to appeal the proposed penalties. On May 19, 2004, Anuforo filed a timely appeal as to Comfort Plus, and an untimely appeal as to U.S. Central. The IRS Appeals Office sustained the penalties on October 25, 2005. The IRS assessed

penalties against Anuforo on February 14, 2005, for U.S. Central's delinquent taxes, and on December 26, 2005, for Comfort Plus's delinquent taxes.

### B.    Litigation

On April 3, 2007, Anuforo filed a complaint in the district court pertaining to the Comfort Plus penalties.  Anuforo asserted two former employees embezzled from his companies, causing the companies to become financially distressed and to default on tax payments.  Anuforo asserted he was "not vicariously liable for the criminal conduct of the fraudulent employees and also not liable for the trust fund recovery penalties for good cause."  Anuforo further argued the penalties were time barred. The magistrate judge liberally construed Anuforo's complaint as a claim for a refund for amounts already paid.  On November 13, 2007, the IRS Commissioner filed a motion for summary judgment.

Anuforo filed an amended complaint on December 21, 2007, clarifying he was also seeking relief with respect to the U.S. Central penalties.  On December 31, 2007, the government filed an answer and counterclaim asking the district court to reduce the penalties to judgment.  Anuforo answered the government's counterclaim by denying he willfully failed to collect or pay employment taxes and denying liability for the penalties.

Anuforo filed a motion to compel the testimony of IRS Revenue Officer Jill Dutcher (Officer Dutcher) and a "Request for Refusal or Continuance of Defendant's Motion for Summary Judgment."  The magistrate judge liberally construed Anuforo's motions and attached declaration as a Fed. R. Civ. P. 56(f) affidavit.[3]  On June 4,

---

[3]Fed. R. Civ. P. 56(f) states,

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

2008, the magistrate judge held a hearing on the government's motion for summary judgment and Anuforo's motion to compel. The magistrate judge denied Anuforo's motion to compel, and recommended the district court grant the government's motion for summary judgment. Anuforo timely filed objections to the magistrate judge's report and recommendation. The district court overruled Anuforo's objections, adopted the magistrate judge's report and recommendation, granted the government's motion for summary judgment as to Anuforo's claims involving Comfort Plus, and affirmed the magistrate judge's denial of Anuforo's motion to compel.

The government filed a second motion, seeking summary judgment on its counterclaims, and as to Anuforo's requested relief from the U.S. Central penalties. On January 14, 2009, the magistrate judge filed a report and recommendation advising the district court to grant the government's motion. The district court adopted the magistrate judge's report and recommendation, and granted the government's motion for summary judgment in its entirety.

Anuforo appeals the district court's grants of summary judgment, claiming (1) the penalties related to Comfort Plus are barred by statute, (2) Anuforo did not act willfully, (3) there are genuine issues of material fact in dispute, (4) the district court abused its discretion by denying Anuforo's motion to compel Officer Dutcher's testimony, (5) Officer Dutcher's statements and partial deposition testimony should be stricken from the record, (6) the district court erred by improperly weighing the evidence, (7) Anuforo is improperly being held vicariously liable for the conduct of his employees, and (8) Anuforo is entitled to a theft-loss deduction to offset the penalties.

---

(1) deny the motion;
(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
(3) issue any other order.

-5-

## II.    DISCUSSION

### A.    Statute Barred Penalties

Anuforo claims the IRS penalties arising out of Comfort Plus are barred because the government did not comply with statutory requirements. The Internal Revenue Code (I.R.C.) states any person who is required to collect and pay over trust-fund employment taxes, and willfully fails to do so, is liable for a penalty in an amount equal to the total amount of tax not paid over. See I.R.C. § 6672(a). While employers generally pay trust-fund employment taxes in quarterly installments, the employment taxes are deemed to be filed on April 15 of the next calendar year. See I.R.C. § 6501(b)(2). The Commissioner typically has three years from the date a taxpayer files a return in which to assess penalties. See I.R.C. § 6501(a). However, the taxpayer and the Secretary may agree in writing to an extended assessment period. See I.R.C. § 6501(c)(4).

The IRS may not impose a penalty under I.R.C. § 6672(a) unless the Secretary notifies the taxpayer in writing he is subject to an assessment of such a penalty. See I.R.C. § 6672(b). Anuforo does not deny he received notice he was subject to assessments for penalties, or that the IRS made the assessments. Instead, Anuforo argues the government failed to provide Anuforo with notice and demand after the assessments were completed. Pursuant to I.R.C. § 6303(a), the IRS is required to give notice to each person liable for an unpaid tax, stating the amount and demanding payment, within sixty days after the Commissioner conducts an assessment.

While the government does not concede it failed to give Anuforo notice and demand under I.R.C. § 6303(a), it argues such notice was not required. The government acknowledges such notice and demand would be required if the government proceeded against Anuforo administratively. However, the government insists "[e]very court of appeals that has addressed the issue has held that notice and demand is not a prerequisite to the Government's bringing a civil proceeding to reduce assessments to judgment."

The government is correct our sister circuits have consistently held notice and demand is required when the government wishes to proceed administratively, such as by filing a tax lien under I.R.C. § 6321, or by administrative levy under I.R.C. § 6331(a). See, e.g., United States v. Berman, 825 F.2d 1053, 1060 (6th Cir. 1987) (discussing I.R.C. §§ 6303(a), 6321, and 6331, and emphasizing the necessity of notice and demand "to protect the taxpayer . . . where the summary powers of the IRS to collect taxes administratively are concerned"). However, notice and demand are not required when the government files a civil action because the filing of the action allows the taxpayer sufficient time to consider and pay any tax that is due before a judgment or lien can be placed upon his property. See, e.g., Stevens v. United States, 49 F.3d 331, 337 (7th Cir. 1995) ("It is only when the government wants to proceed administratively, as by filing a tax lien, that notice and demand are required. Their absence is irrelevant in a refund suit with counterclaim." (internal citations omitted)); Purcell v. United States, 1 F.3d 932, 941 (9th Cir. 1993) (similar); United States v. McCallum, 970 F.2d 66, 69-70 (5th Cir. 1992) (holding "failure to give Section 6303(a) notice is not a bar to the government's bringing a civil action against" a taxpayer to collect unpaid taxes); United States v. Chila, 871 F.2d 1015, 1018-19 (11th Cir. 1989) (similar); Berman, 825 F.2d at 1060 (similar); cf. Jersey Shore State Bank v. United States, 479 U.S. 442, 447 (1987). Even if the government did fail to serve notice and demand of the assessments upon Anuforo, the government may still bring its counterclaim against Anuforo regarding the Comfort Plus penalties.[4]

_____

[4]In his reply brief Anuforo argued, for the first time, the government failed to bring its civil suit within the three-year time limit provided in I.R.C. § 6501(a). Anuforo misreads this statutory provision. Internal Revenue Code § 6501(a) states, "no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of [the three-year assessment] period." This provision permits the IRS to file a suit to collect taxes, even without assessment, so long as it is brought within the three-year assessment period. See Berman, 825 F.2d at 1060 ("[S]ection 6501(a) recognizes that a suit to collect taxes may be brought without assessment having been made."). In this case, the IRS completed assessments before filing suit, and as a result, this statutory provision does not apply. Anuforo does not

**B.** **Willfulness**

Anuforo argues the court does not "have jurisdiction to consider whether Anuforo is liable under Section 6672(a)," because the IRS failed to show Anuforo acted willfully. This is an incorrect statement of the law. The district court had jurisdiction over Anuforo's claims pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1), and jurisdiction over the government's counterclaims under 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. § 7402(a). We have jurisdiction over this appeal under 28 U.S.C. § 1291. Despite Anuforo's attempt to frame this issue in terms of jurisdiction, he is essentially arguing he should not be held liable for penalties under I.R.C. § 6672(a) because the IRS has not proven Anuforo acted willfully.

Internal Revenue Code Section 6672 imposes personal liability against any person in a corporation who is responsible for payment of trust-fund employment taxes and willfully fails to make payments. Section 6672(a) provides,

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

I.R.C. § 6672(a); see also Slodov v. United States, 436 U.S. 238, 246-50 (1978). "The responsible person has the burden to show that he did not willfully fail to pay over the federal employment taxes." Olsen v. United States, 952 F.2d 236, 239 (8th Cir. 1991).

---

appeal the district court's finding the assessments were completed within the three-year period.

In order for nonpayment to be willful, an "evil or fraudulent intent" is not required. Hartman v. United States, 538 F.2d 1336, 1341 (8th Cir. 1976). "It is sufficient if the person acts or fails to act consciously and voluntarily and with knowledge or intent that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes." Id. "A responsible person also acts willfully by proceeding with a 'reckless disregard of a known or obvious risk that trust funds may not be remitted to the government.'" Olsen, 952 F.2d at 240 (quoting Wood v. United States, 808 F.2d 411, 415 (5th Cir. 1987)). "Evidence that the responsible person had knowledge of payments to other creditors, including employees, after he was aware of the failure to pay over withholding taxes is proof of willfulness as a matter of law." Id. The record in this case is replete with evidence Anuforo had knowledge of his outstanding trust-fund employment tax debts, and nevertheless continued to make payments to other creditors and to employees. As a consequence, Anuforo's conduct was willful as a matter of law.

## C. Genuine Issues of Material Fact

Anuforo argues the district court erred in granting summary judgment against him because there are genuine issues of material fact in dispute. Anuforo specifically argues genuine issues of material fact exist because (1) Anuforo denied the IRS's allegations that he owed penalties; (2) Anuforo disputed the amounts of the penalties; (3) IRS records setting forth the amounts owed conflict with one another; and (4) Anuforo contested the IRS's position that no money intended for the payment of taxes was involved in the embezzlement. "Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law." Gander Mtn. Co. v. Cabela's, Inc., 540 F.3d 827, 831 (8th Cir. 2008) (quoting Bearden v. Int'l Paper Co., 529 F.3d 828, 831 (8th Cir. 2008)). "We review *de novo* the district court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party." Id.

Anuforo's unsupported, self-serving allegations and denials are insufficient to create a genuine issue of material fact. See id.; Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006). Anuforo is the responsible person who willfully failed to pay over trust-fund taxes, and as a result, he is subject to penalties under I.R.C. § 6672(a) as a matter of law. We reject Anuforo's contention that his bare denial of liability is sufficient to create a genuine issue of material fact to defeat summary judgment.

Anuforo's second and third alleged genuine issues of material fact both involve the amount of penalty for which Anuforo is liable. The government conducted assessments of the amounts Anuforo owed. An IRS assessment under I.R.C. § 6672 is presumed to be correct. See Riley v. United States, 118 F.3d 1220, 1221 (8th Cir. 1997). "This presumption applies even if the assessment is based on an estimate, so long as the method for making the assessment is reasonable and logical." Ferguson v. United States, 484 F.3d 1068, 1077 (8th Cir. 2007); see also Dodge v. Comm'r, 981 F.2d 350, 353 (8th Cir. 1992) ("[T]he assessment is intended to be an estimate. It is expected to be rational, not flawless.").

Anuforo attempts to show issues of fact exist by pointing to various documents listing different figures for the amounts Anuforo owes. First, Anuforo directs us to a table which allegedly sets forth a different penalty amount than the amount in the assessment. This table is not part of the record, and we will not consider it. See Huelsman v. Civil Ctr. Corp., 873 F.2d 1171, 1175 (8th Cir. 1989) ("An appellate court can properly consider only the record and facts before the district court and thus only those papers and exhibits filed in the district court can constitute the record on appeal."). Anuforo also claims he received two additional documents which provided different penalty amounts. The first document, dated January 4, 2005, is a proposed assessment of trust fund recovery penalties, and it included proposed penalties for three quarters for which penalties were not actually assessed. The second document, dated October 25, 2005, is a notice from the IRS Appeals Office stating it considered Anuforo's protest to the proposed penalties and decided to sustain the proposed

penalty. The notice further explained the IRS would "assess a Trust Fund Recovery Penalty as determined by the Area Director." The fact these two documents suggested proposed penalties different from the final penalties actually assessed does not create a genuine issue of material fact as to the amounts now owed under the final assessments, which Anuforo has not shown are unreasonable, irrational, or illogical.

Anuforo's fourth alleged issue of material fact involves a disagreement between Anuforo and the IRS as to whether the companies' embezzlers took money meant for the payment of taxes. Only factual disputes "that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). This is not a material factual dispute because, even if Anuforo's assertion—that the embezzlers took money intended for the payment of taxes—was correct, Anuforo would still be liable for the penalties under I.R.C. § 6672. See Olsen, 952 F.2d at 241 (recognizing the circuit courts of appeals are divided as to whether a reasonable cause defense may militate against a finding of willfulness, but noting "[t]his court has held that reasonable cause is no part of the definition of willfulness"); see also Muck v. United States, 3 F.3d 1378, 1382 (10th Cir. 1993) (noting the circuit split and finding the reasonable cause defense "appears inconsistent with [the Tenth Circuit's] insistence that (bad) motive is not a pertinent inquiry under § 6672").

### D.     Motion to Compel

After the government filed its first motion for summary judgment, Anuforo filed a motion to compel Officer Dutcher's deposition testimony.[5] The magistrate judge liberally construed the motion as a Fed. R. Civ. P. 56(f) affidavit, but denied Anuforo's request. Anuforo appealed, and the district court affirmed the denial.

---

[5]Anuforo later filed a second motion to compel, but he did not appeal the magistrate judge's denial of this motion to the district court, and it is not properly on appeal before this court.

Anuforo now challenges the district court's denial. "We review for an abuse of discretion the district court's refusal to allow further discovery prior to ruling on a motion for summary judgment." Nord v. Kelly, 520 F.3d 848, 852 (8th Cir. 2008).

Under Rule 56(f), a party opposing summary judgment may "seek a continuance and postpone a summary judgment decision," but "the party opposing summary judgment is required to file an affidavit with the district court showing what specific facts further discovery might uncover." Roark v. City of Hazen, Ark., 189 F.3d 758, 762 (8th Cir. 1999). In this case, Anuforo's counsel filed an affidavit, claiming Officer "Dutcher's testimony [wa]s very material and essential to competent rebuttal by [Anuforo] of IRS's Motion for Summary Judgment." Anuforo did not set forth "specific facts further discovery might uncover," or what information further discovery might reveal. Id. As a result, the district court did not abuse its discretion in denying Anuforo's request for further discovery before granting the government's motion for summary judgment.

### E.     Request to Strike Statements and Deposition Testimony

Anuforo claims the IRS refused to secure Officer Dutcher for a deposition and should not be allowed to use information provided by Officer Dutcher to support its motion for summary judgment. Anuforo seeks to have "any information provided by [Officer] Dutcher, whether declarations or partial testimony," stricken from the record. Anuforo waived this claim by not raising it below. See, e.g., United States v. Alvarez-Sanchez, 511 U.S. 350, 360 n.5 (1994) (declining to address an argument not raised below).

### F.     Weighing Evidence

Anuforo claims the district court erred by weighing evidence before granting summary judgment, and by not giving sufficient weight to Anuforo's Rule 56(f) affidavit. Anuforo specifically argues the district court's statement that "[t]he IRS has presented overwhelming evidence, much of it IRS forms filed and signed by

[Anuforo] himself, demonstrating Comfort Plus' failure to pay taxes," demonstrates "the Court weighed evidence in the summary judgment record contrary to law." We disagree. The district court's statement merely reflects its finding Anuforo was liable under I.R.C. § 6672 as a matter of law. The district court did not err in granting the government's motion for summary judgment. See Gander Mtn. Co., 540 F.3d at 831 ("[A] properly supported motion for summary judgment is not defeated by self-serving affidavits."); Conolly, 457 F.3d at 876.

### G.    Vicarious Liability

Anuforo claims, by holding him liable for these tax penalties, the government is holding Anuforo vicariously liable for the criminal conduct of his employees. Anuforo's claims are not supported by the facts. The parties dispute the amount of money the employees embezzled. One employee admitted to embezzling approximately $20,000,[6] and the other employee admitted to embezzling nearly $51,000. While the embezzlement was taking place, however, Anuforo was paying hundreds of thousands of dollars to creditors other than the IRS.

During discovery, Anuforo admitted he engaged in a practice of pro-rating the companies' limited resources, making some tax payments, and paying other creditors to enable the companies to "remain in business, with the hope that the companies would eventually overcome their financial difficulties and pay off completely all tax liabilities." Trying to stay in business is not an excuse for willful failure to pay over taxes. See Olsen, 952 F.2d at 241; Sorenson v. United States, 521 F.2d 325, 328 (9th Cir. 1975) ("We hold that payment of net wages in circumstances where there are no available funds in excess of net wages from which to make withholding is a willful failure to collect and pay over under § 6672.").

---

[6]Anuforo acknowledged the employee had repaid $21,000 by the second quarter of 2002.

-13-

### H. Theft-Loss Deduction

Anuforo argues he is entitled to a theft-loss deduction under I.R.C. § 165(a) to offset his penalties. Section 165(a) of the Internal Revenue Code states, "There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise." However, Anuforo has not presented any evidence or applicable law to establish he is entitled to such a deduction. In this case, the corporations were the taxpayers who sustained a loss from the embezzlement, not Anuforo. Comfort Plus already sought and obtained fraud loss deductions in the amount of $132,032 for its 2001 tax return; $5,808 for its 2002 tax return; and $174 for its 2003 tax return. We therefore find no basis upon which to grant Anuforo's requested relief.

## III. CONCLUSION

We affirm the judgment of the district court.

_____