# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3199

_____

James D. Stalnaker, Jr.; Jorjean D. Stalnaker-Retzloff; Jeff D. Stalnaker,
individually and as Estate Administrator of James D. Stalnaker, Sr.

*Plaintiffs - Appellants*

v.

Wells Fargo Home Mortgage, Inc.; Wells Fargo Bank, N.A.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 3, 2014
Filed: June 17, 2014
[Unpublished]

_____

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

James Stalnaker, Jr., and his siblings Jeff Stalnaker and Jorjean Stalnaker-Retzloff (plaintiffs) brought this action against Wells Fargo Home Mortgage, Inc., and Wells Fargo Bank, N.A. (Wells Fargo), after Wells Fargo commenced foreclosure proceedings on the home of plaintiffs' deceased parents. Wells Fargo moved for

summary judgment, the district court[1] granted the motion, and this appeal followed. Plaintiffs argue on appeal that they were denied an adequate opportunity for discovery before the court's summary judgment ruling, and that the court erred by not granting their request for a postponement under Federal Rule of Civil Procedure 56(d). They also move to supplement the record on appeal.

We reject plaintiffs' claims of inadequate discovery. First, in none of their filings did they specify what facts would be revealed by further discovery and how those facts would support their claims. See Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P., 687 F.3d 1045, 1050 (8th Cir. 2012) (no abuse of discretion in denying Rule 56(d) continuance when party fails to show what specific facts might be revealed by further discovery); see also Mid-South Grizzlies v. Nat'l Football League, 720 F.2d 772, 781 (3d Cir. 1983). Further, they did not take advantage of the discovery tools available to them. See Fed. R. Civ. P. 37(a)(1); Ray v. Am. Airlines, Inc., 609 F.3d 917, 924 (8th Cir. 2010) (where plaintiff did not submit any motion to compel and made no attempt to supplement summary judgment response, court did not abuse discretion by concluding claims were ripe for summary judgment). For the same reasons, we deny the motion to supplement the record. See Bell v. Pfizer, Inc., 716 F.3d 1087, 1092 (8th Cir. 2013) (denying motion to supplement record on appeal with evidence available long before district court decided case); Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993).

Turning to the merits, upon careful de novo review, see Ray, 609 F.3d at 924 (standard of review for grant of summary judgment), we conclude that the district court properly granted summary judgment for the reasons explained in the court's order. Accordingly, we deny the parties' remaining pending motions as moot, and we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.