# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3795

_____

Mark E. Hammett

*Plaintiff - Appellant*

v.

J. Cofield; E. Conley; M. Sands; Leon Vickers; Thomas Baker; Stormi Moeller; Beth Clad; Erica C. Cunningham; Mike Kemna; Dave Dormire, Superintendent; Bill Galloway; Mark Schrieber

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: March 5, 2015
Filed: March 23, 2015
[Unpublished]

_____

Before BYE, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Inmate Mark E. Hammett appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action. We reverse and remand for further proceedings.

After this court reversed the dismissal of Hammett's section 1983 action for failure to exhaust administrative remedies, finding that he had exhausted certain medical grievances, see Hammett v. Cofield, 681 F.3d 945 (8th Cir. 2012) (per curiam), Hammett filed a verified amended complaint naming only Correctional Medical Services (CMS) officials and employees, including doctors and nurses. His Eighth Amendment claims arose from alleged inadequacies in the treatment for his knee pain. The court granted summary judgment to the CMS defendants and summarily denied Hammett's multiple pending motions.

We conclude that the CMS defendants failed to meet their burden as summary judgment movants. See Carrington v. City of Des Moines, Iowa, 481 F.3d 1046, 1050-51 (8th Cir. 2007) (at summary-judgment stage, moving parties carry ultimate burden of proof to establish no material facts are in dispute and they are entitled to judgment, as matter of law). Hammett offered verified allegations that Dr. Thomas Baker told him he would not get surgery before age 50 and would not refer him to a knee specialist; that Dr. Sands told him in early 2009 that some knee tendons were detached, for which he needed an MRI and surgery, which he could not receive until age 50 under CMS policy; and that despite a doctor's order, nurse Beth Clad withheld lidocaine patches for his knee pain after he was cleared of giving patches to another inmate. In addition to Hammett's verified allegations, he also offered the declarations of other inmates as to their observations of his symptoms from his knee problems. See Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675, 682 (8th Cir. 2012) (verified complaint is equivalent of affidavit for summary judgment purposes). Defendants' supporting evidence consisted of grievance documents, and of computerized medical records that are difficult to follow and end in July 2010, well before Hammett's amended complaint was filed in August 2012 and defendants moved for summary judgment in April 2013. Further, the records were not accompanied by a declaration from a medical professional explaining the significance of the documented findings,

such as Dr. M. Sands's assessment of a positive "anterior drawer" sign.[1] See Mack v. Dillon, 594 F.3d 620, 622 (8th Cir. 2010) (per curiam) (reviewing de novo grant of summary judgment, viewing record and drawing all inferences in favor of nonmovant).

As to Hammett's motions, the district court did not rule on the motion to reconsider appointment of counsel, or alternatively to appoint a medical expert, filed some six months before the CMS defendants moved for summary judgment. On remand the district court should rule on the motions. As to the motions Hammett filed after his summary-judgment resistance, while we agree with the district court that he offered no legitimate basis for recusal, see Roe v. St. Louis Univ., 746 F.3d 874, 886 (8th Cir. 2014) (abuse of discretion standard of review), the district court offered no explanation for denying the multiple other pending motions, which included a renewed motion for counsel and a motion under Fed. R. Civ. P. 56(d) related to Hammett's then recent MRI and knee surgery in early 2013. In his motion to postpone the summary judgment ruling, Hammett declared the new medical records would prove that the delay in the MRI and surgery had caused irreparable damage; the district court summarily denied the motions, but granted summary judgment based in part on Hammett's failure to provide verifying medical evidence on the effect of the delay. See Fed. R. Civ. P. 56(d)(2) (if nonmovant shows by declaration that, for certain reasons, he cannot present facts essential to justify opposition, court may allow time to take discovery or obtain affidavits or declarations); Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, LLP, 687 F.3d 1045, 1049-50 (8th Cir. 2012) (noting Rule 56(f)–replaced by Rule 56(d)(2)–existed to prevent party from being unfairly thrown out of court by premature summary judgment motion); Moots v. Lombardi, 453 F.3d 1020, 1023 (8th Cir. 2006) (inmate complaining of delay in

---

[1]This signifies rupture of the anterior cruciate ligament, the front portion of one of the ligaments crossing the knee joint. See Mosby's Dictionary of Medicine, Nursing & Health Professions 110 (8th ed. 2009).

treatment must offer verifying medical evidence that delay had detrimental effect). We thus reverse and remand for further proceedings consistent with this opinion.

_____