**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2780
_____

TYRONE SINGLETON,
                                        Appellant

v.

SUPERINTENDENT CAMP HILL SCI;
SCOTT WHALEN; LISA PETERS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-02711)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2018

Before:  JORDAN, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 27, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tyrone Singleton appeals from the judgment of the United States District Court for the Middle District of Pennsylvania. We will affirm in part, vacate in part, and remand for further proceedings.

In October 2015, Singleton filed an amended complaint pursuant to 42 U.S.C. § 1983 against three SCI Camp Hill Employees: Laurel Harry, Superintendent; Scott Whalen, Unit Manager; and Lisa Peters, a parole supervisor with the Pennsylvania Board of Probation and Parole ("Board"). Singleton's claims are based on his confinement at SCI Camp Hill from January 2013 until February 2014.

The record reveals[1] that in December 2012, Singleton reported to parole authorities in Pennsylvania and was charged with violating his New York parole by testing positive for THC (the main active ingredient in marijuana) and because he had pending Pennsylvania DUI charges. On January 4, 2013, he was taken into custody based on these new Pennsylvania charges and placed in a disciplinary segregation housing unit at SCI Camp Hill. Shortly thereafter, a detainer was lodged against him by the New York Department of Corrections and Community Supervision ("DCCC"). Over the next several months, Singleton contacted the defendants on multiple occasions in an effort to obtain a copy of the warrant-detainer or any paperwork regarding his continued detention.

---

[1] Because this case was decided on summary judgment, we take the facts in the light most favorable to Singleton. See Liberty Lincoln–Mercury, Inc. v. Ford Motor Co., 676 F.3d 318, 323 (3d Cir. 2012).

On January 7, 2014, Singleton pleaded guilty and was sentenced for the Pennsylvania DUI charges. On February 14, 2014, at Rikers Island, New York, Singleton was given a notice of his parole violation. After conducting a parole revocation hearing on February 27, 2014, the DCCC revoked Singleton's parole, issued him a delinquent assessment of 14 months (for which he was given 14 months credit for the time he spent incarcerated on the New York detainer), and re-released him on parole on March 14, 2014.

Singleton claimed that defendants violated his Eighth Amendment and due process rights by placing him without a hearing in "solitary confinement for 402 days, 23 to 24 hours a day with 24 hours lighting in the cell," even though he had not violated any prison rules and was not disruptive; and by continuing his detention without providing a prompt parole revocation hearing.

Defendants filed a motion to dismiss the amended complaint, arguing that Singleton failed to state due process and Eighth Amendment claims based on his solitary confinement, and that his parole revocation hearing claim was barred by the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). The Magistrate Judge recommended dismissing with prejudice Singleton's Eighth Amendment and due process claims based on his being restricted to solitary confinement, but allowed the due process claim regarding Singleton's confinement without arranging for a timely, final parole revocation hearing to proceed because it was not clear from the record whether

3

Singleton's parole was revoked. Over Singleton's objections, the District Court adopted the recommendations of the Magistrate Judge.

In October 2016, the defendants filed a motion for summary judgment, and attached as exhibits the supplemental documents indicating that New York had revoked Singleton's parole. The Magistrate Judge recommended granting defendants' motion, concluding that Singleton's parole had been revoked and, since there was no indication that his revocation had been set aside or declared invalid, his claim that he was denied a timely, final revocation hearing was barred by Heck. Over Singleton's objections, the District Court adopted the Magistrate Judge's report and recommendation.

On appeal, Singleton argues that: (1) the District Court committed procedural error in granting summary judgment to the defendants before he had the chance to conduct discovery; (2) he was improperly held in administrative segregation without getting a hearing; (3) he was improperly denied 14 months' sentence credit by the New York Parole Board; and (4) he was not promptly given a parole revocation hearing.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's decisions granting motions to dismiss and for summary judgment. See Kaymark v. Bank of Am., N.A., 783 F.3d 168, 174 (3d Cir. 2015); McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). In reviewing the dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Pinker v. Roche Holdings Ltd.,

4

292 F.3d 361, 374 n.7 (3d Cir. 2002). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Singleton first contends that the District Court improperly granted summary judgment before he had time to complete discovery. "When an order granting summary judgment is attacked as premature, we review a district court's refusal to delay action for an abuse of discretion." Doe v. Abington Friends Sch., 480 F.3d 252, 255 (3d Cir. 2007) (quoting St. Surin v. V.I. Daily News, Inc., 21 F.3d 1309, 1313 (3d Cir. 1994)). A court may defer ruling on a summary judgment motion if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The rule also "requires that a party indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information." Radich v. Goode , 886 F.2d 1391, 1393–94 (3d Cir. 1989). Singleton did not file a Rule 56(d) affidavit or declaration, nor did he ever clearly address Rule 56(d)'s other requirements, either in the District Court or on appeal. See Dowling v. City of Phila., 855 F.2d 136, 139–40 (3d Cir. 1988); see also Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P., 687 F.3d 1045, 1050 (8th Cir. 2012). As a result, the District Court did not grant summary judgment prematurely or otherwise abuse its discretion in managing discovery.

We turn now to Singleton's claim that his due process rights were violated when he was placed in solitary confinement without a hearing. During the period relevant here, Singleton was a pretrial detainee. See Bell v. Wolfish, 441 U.S. 520, 534 (1979). While "pretrial detainees do not have a liberty interest in being confined in the general prison population, they do have a liberty interest in not being detained indefinitely in [disciplinary segregation] without explanation or review of their confinement." Bistrian v. Levi, 696 F.3d 352, 375 (3d Cir. 2012) (quoting Stevenson v. Carroll, 495 F.3d 62, 69 (3d Cir. 2007)). Here, as in Bistrian, the District Court did not address Singleton's procedural due process claim; thus, as in that case, "we ask the Court to consider the issue in the first instance by examining the asserted purposes for [Singleton's] detention, and determining whether sufficient process has been afforded." Id. (quotation marks, alterations omitted).

Singleton next argues that instead of receiving 14 months' sentence credit for the time he spent incarcerated on the New York detainer, his parole was improperly extended for 14 months. Singleton's argument, which challenges the duration of his confinement, is barred under Heck, 512 U.S. at 486-87, which holds that a state prisoner's claim for damages is not cognizable under § 1983 if it implies the invalidity of his conviction or confinement, unless he can demonstrate that the conviction or sentence has already been invalidated. To grant Singleton's requested relief would necessarily invalidate the New York Parole Board's decision to revoke his parole. See Williams v. Consovoy, 453 F.3d

6

173, 177 (3d Cir. 2006) (applying Heck to parole revocation decisions). Accordingly, he is precluded from attacking it through § 1983 at this time.[2]

To the extent that Singleton is claiming that he did not receive a timely parole revocation hearing – a procedural issue – his claim is not foreclosed by Heck. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Due process requires that a parole revocation hearing be held "within a reasonable time after the parolee is taken into custody." Morrissey v. Brewer, 408 U.S. 471, 488 (1972). However, the hearing requirement is "not triggered when the warrant is placed as a detainer at an institution where the . . . parolee is already in custody awaiting disposal of an intervening charge or serving a sentence for a crime committed while on supervised release." United States v. Wickham, 618 F.2d 1307, 1309, n.3 (9th Cir. 1979). Rather, the duty to provide a hearing arises only when the parolee "is taken into custody as a parole violator by execution of the warrant," because "execution of the warrant and [consequent] custody under that warrant [is] the operative event triggering any loss of liberty attendant upon parole revocation." Moody v. Daggett, 429 U.S. 78, 87, 89 (1976); see also McDonald v. New Mexico Parole Bd., 955 F2d 631, 633 (10th Cir. 1991).

Here, Singleton was in custody pursuant to his subsequent Pennsylvania charges, not as a violator of his New York probation. As a result, his due process right to a

---

[2] The fact that Singleton was re-released on parole does not preclude the application of Heck. See Williams, 453 F.3d at 77–78 (recognizing that Heck's favorable termination rule applies to all § 1983 plaintiffs, not just those in state custody).

7

prompt probation revocation hearing was not triggered until New York took him into custody after he pleaded guilty to his Pennsylvania crimes. The record demonstrates that Singleton's parole revocation hearing was held on February 27, 2014 – shortly after he returned to New York. Moreover, Singleton has not even alleged that the delay here impaired the integrity of the parole revocation hearing. See generally Meador v. Knowles, 990 F.2d 503, 506 (9th Cir. 1993); McNeal v. United States, 553 F.2d 66, 68 (10th Cir. 1977) (per curiam).

Accordingly, we will vacate the District Court's judgment with respect to Singleton's claim that his detention in solitary confinement without a hearing violated his right to due process, and will remand for further consideration of that claim. We will otherwise affirm the judgment of the District Court.