**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3623
_____

MITCHELL DINNERSTEIN,
                                        Appellant

v.

BURLINGTON COUNTY COLLEGE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 13-cv-05598)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 17, 2018

Before:  JORDAN, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 8, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mitchell Dinnerstein, a former employee of Rowan College at Burlington County College (the "College"), appeals from the District Court's order granting summary judgment to the College. For the following reasons, we will affirm.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. Dinnerstein was hired by the College in July 2007 as a maintenance mechanic-electrician. In December 2013, Dinnerstein filed a complaint in the United States District Court for the District of New Jersey, alleging that the College subjected to him to unlawful discrimination, a hostile work environment, and retaliation based on his religion – Judaism – in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Specifically, Dinnerstein claims that he was "slandered, devalued, [and] harassed" by the College, and when he reported acts of anti-Semitism to his supervisor, he was subjected to unwarranted discipline and eventually terminated.

Following a protracted discovery period, the College filed a motion for summary judgment. Dinnerstein initially filed an "objection" to the College's motion with a request for additional discovery, followed by a request for an extension of time to respond to the motion. Shortly thereafter, the College filed a motion for sanctions and to deny Dinnerstein's additional discovery demands and request additional time to respond to the summary judgment motion. By order entered on November 21, 2017, the District Court granted the College's motion for summary judgment, concluding that Dinnerstein

had failed to establish prima facie claims of religious discrimination, hostile work environment, or retaliation, and that the College's nondiscriminatory reason for firing Dinnerstein – several violations of the College's Civility Policy – was not pretext for discrimination. The District Court further denied Dinnerstein's request for additional discovery and time as "unsupported" and "unwarranted," and also denied the College's request for sanctions. Dinnerstein appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision granting summary judgment. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We agree with the District Court that Dinnerstein has failed to establish prima facie claims of religious discrimination, hostile work environment based on religious harassment, and retaliation.[1] Because Dinnerstein has not introduced direct evidence of

---

[1] In his appellate brief, Dinnerstein claims that the District Court improperly granted summary judgment before he had time to complete discovery. A court may defer ruling on a summary judgment motion if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The rule also "requires that a party indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information." Radich v. Goode, 886 F.2d 1391, 1393–94 (3d Cir. 1989). Dinnerstein did not clearly address Rule 56(d)'s requirements, either in the District Court or on appeal. See Dowling v. City of Phila., 855 F.2d 136, 139–40 (3d Cir. 1988); see also Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P., 687 F.3d 1045, 1050 (8th Cir. 2012). Because Dinnerstein has failed to demonstrate how any additional discovery will allow him to defeat the College's well-supported motion for summary

discrimination, we analyze his claims under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).  Under the disparate treatment theory of religious discrimination, "the prima facie case and evidentiary burdens of an employee alleging religious discrimination mirror those of an employee alleging race or sex discrimination."  Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 281 (3d Cir. 2001).  Under this framework, a plaintiff seeking to establish a prima facie case discrimination must show that "(1) [he] is a member of a protected class; (2) [he] was qualified for the position [he] sought to attain or retain; (3) [he] suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination."  Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008).

Here, with regard to the fourth factor,[2] the District Court properly determined that Dinnerstein's generalized, subjective beliefs that Jewish members of the College's administration are "going to discriminate against . . .  anyone who is not their friend," and "they're not going to listen to you and do what you say if you're Jewish," are insufficient to maintain an unlawful discrimination claim.  See Mlynczak v. Bodman, 442 F.3d 1050, 1058 (7th Cir. 2006) ("[I]f the subjective beliefs of plaintiffs in employment discrimination cases could, by themselves, create genuine issues of material fact, then

---

judgment, the District Court did not grant summary judgment prematurely or otherwise abuse its discretion in managing discovery.

[2] The first three factors are not in dispute.

4

virtually all defense motions for summary judgment in such cases would be doomed.")
(citation omitted). Moreover, Dinnerstein testified at his deposition to only two
comments made by employees or administrators at the College referring to his Jewish
faith. First, he claimed that a coworker in the boiler room commented about him that
"the Jew doesn't know anything." Second, he testified that "[t]he entire maintenance
shop" said that he was hired only because he is Jewish. These "stray remarks," which
were not made by or to any of the College's decisionmakers, are insufficient to show
discrimination related to Dinnerstein's termination. See Ezold v. Wolf, Block, Schorr &
Solis-Cohen, 983 F.2d 509, 545 (3d Cir. 1992).

Dinnerstein's hostile work environment claim based on religious harassment fails
for the same reasons. See Abramson, 260 F.3d at 277. Nor has Dinnerstein shown that
his termination was motivated by the College's intent to retaliate against him for
reporting acts of anti-Semitism. Dinnerstein's deposition testimony that he "thinks" he
told the College administrators when he was given his final warning that he was
discriminated against because of his Jewish faith does not establish a causal connection
between that activity and his termination. See Daniels v. Sch. Dist. of Phila., 776 F.3d
181, 196 (3d Cir. 2015).

Even if Dinnerstein could satisfy his prima facie burden with regard to any of his
allegations, nothing in the record suggests that the College's proffered explanation for
terminating Dinnerstein – that he violated the College's Civility Policy on several
occasions – was pretext. See Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994). The

5

undisputed record shows that the College addressed violations of the Civility Policy with Dinnerstein on several occasions in 2008 and issued him a final warning after he yelled profanities at a coworker in August 2011. Dinnerstein admitted in his deposition that when he was terminated on December 1, 2011, for yelling profanities at his supervisors, he knew that he had been issued prior warnings, understood what the warnings meant, but had nevertheless used profane language with his supervisors in violation of the Civility Policy.[3] Because Dinnerstein has failed to provide evidence from which a factfinder could reasonably infer that the College's proffered reason for terminating him is pretext for discrimination, the District Court properly granted summary judgment to the College as to Dinnerstein's claims.[4]

For the foregoing reasons, we will affirm the District Court's judgment. In light of our disposition, we deny Dinnerstein's motion to expedite the appeal as moot; his motion to file an overlength brief is granted. We note that the Clerk previously granted the

---

[3] When asked whether he called his supervisor "the F word" or used other profanities, Dinnerstein replied "Yeah, it's in there," referring to a hearing transcript. He further admitted in his deposition to calling someone a "pantywaist faggot."

[4] Dinnerstein also argues in his appellate brief that he was suspended for refusing to put his electrical license in jeopardy by allowing unqualified co-workers to perform electrical work improperly under his supervision. However, he has failed to demonstrate either in the District Court or here how this discipline is in any way related to his religion and his underlying discrimination claims. Moreover, this allegation, even if true, does not permit a finding that the College's legitimate nondiscriminatory reason for firing Dinnerstein was pretext for discrimination.

6

College's motion for leave to file a supplemental appendix. To the extent that the

College's motion requests further relief, it is denied.